

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2006

# USA v. Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1947

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Gonzalez" (2006). *2006 Decisions*. Paper 1283.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1283

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1947

———

UNITED STATES OF AMERICA,

v.

GEORGE GONZALEZ,

Appellant

———

On Appeal from the United States District Court
for the Eastern District Pennsylvania
(D.C. Criminal No. 04-cr-00079)
District Court Judge: Honorable Harvey Bartle, III

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
March 31, 2006

Before: McKEE, BARRY, and VAN ANTWERPEN, *Circuit Judges*.

(Filed: April 10, 2006)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

On November 30, 2004, Appellant George Gonzalez entered a guilty plea to a

five-count indictment in the United States District Court for the Eastern District of

Pennsylvania, and was sentenced to 411 months.  He now appeals the March 16, 2005

Judgment of Sentence entered against him, asserting that the District Court did not comply with Federal Rule of Criminal Procedure 32(i)(3)(B) when it failed to rule on two disputed portions of his Presentence Report ("PSR"). We agree that Rule 32(i)(3)(B) sets forth a critical element of the sentencing process that was not observed here, and will vacate and remand.

## I.

On October 17, 2004, a Grand Jury indicted Gonzalez on five counts: (1) Kidnapping, 18 U.S.C. § 1201; (2) Interstate stalking, 18 U.S.C. § 2261A; (3) Use of a firearm during the commission of a crime of violence, 18 U.S.C. § 924(c)(1); (4) Felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and (5) Interstate transportation of a stolen firearm, 18 U.S.C. § 922(i). On November 30, 2004, he pled guilty to all five counts.

During the plea hearing, the government gave a statement of the factual basis for the plea that outlined the following facts. It would be difficult to understate the seriousness of Gonzalez's actions. In July 2003, M.R. ended a year-long romantic relationship with Gonzalez. A week or so later on July 10, Gonzalez showed up at M.R.'s home in New York City, and asked her if he could stay there because he had no place to go. She permitted him to stay on the couch that night; the next morning, she woke up in her bed to find Gonzalez on top of her, having intercourse with her. When she told him to stop, he became angered and ripped her clothes off. He verbally and physically abused her for the rest of the morning. Gonzalez left the apartment, and M.R. obtained a judicial order of protection the same day. A few days later, Gonzalez accosted her again, and choked her until she lost consciousness; he also struck her son, and threatened her

-2-

children if she attempted to flee. Another struggle ensued, and Gonzalez attacked M.R. with a knife, then fled. New York authorities charged him with assault with intent to cause serious physical injury, criminal possession of a weapon, and acting in a manner to injure children. These incidents did not result in federal charges against Gonzalez, but ensuing events did.

On September 26, 2003, Gonzalez tracked down M.R.'s sister, B.R., in Bethlehem, Pennsylvania. After a confrontation, Gonzalez forced her at gunpoint to drive him to M.R.'s home. In a bid to protect her sister, B.R. told him that M.R. was living in New Jersey, though this was untrue. They entered New Jersey from Pennsylvania on Interstate 287. In the car, B.R. convinced Gonzalez to give her the bullets from his gun, and ultimately persuaded him to give her the gun. In exchange for a meeting with her sister, B.R. prevailed upon Gonzalez to turn himself in to the local police department. She called her sister, who then called the police. The meeting occurred outside the police building, and police were present. B.R. threw the gun out the window of the car. Gonzalez exited the car and fled down an alley; he re-emerged with another gun he had hidden on his person. After a five-hour standoff, police subdued Gonzalez, but not before he shot himself in the stomach.

Both guns Gonzalez used had been stolen, and were manufactured outside Pennsylvania, establishing their use in interstate commerce. Similarly, Gonzalez had traveled from New Jersey to Pennsylvania to stalk B.R. and her family, bringing his actions within the ambit of the federal criminal code.

When the District Court asked Gonzalez whether the facts as related by the

government were true, he responded they were. He noted through counsel, however, that he had been charged only with assault with intent to cause serious physical injury for the incident in New York City, but not rape or sexual assault. His PSR reflected the government's factual basis. Paragraphs 10 and 13, at issue in this case, related the rape Gonzalez perpetrated against M.R., and the incident in which Gonzalez struck her son and threatened her children.

At his March 16, 2005 sentencing hearing, Gonzalez objected to paragraphs 10 and 13. The District Court noted the objection, and, in response, the government and the probation officer asserted that the facts alleged in paragraphs 10 and 13 were true inasmuch as Gonzalez had acquiesced to the government's statement of the factual basis for his guilty plea.

After this, counsel for Gonzalez sought a sentence below his advisory guideline range of 346 to 411 months on the basis of mental illness, anger management problems, and a history of child abuse. The government called M.R. and B.R. Their testimony confirmed the attack and threats to M.R.'s children in paragraph 13, but did not directly testify to the rape described in paragraph 10. Rather, M.R. attacked his denial, stating:

> Now I sit here today and I'm listening to everything that's being said, and I'm listening to the things that he wants to raise from the paper, and how does a person sit here and say, I didn't do this, you know? I didn't, you know, take your clothes off and rip your clothes off, I didn't hold you hostage most of the day?

App. 198. Following testimony from M.R. and B.R., Gonzalez declined to make his own statement. The District Court specifically asked him: "And do you have any objection to anything contained in the report, other than what [your counsel] has already explained?"

App. 201.  Gonzalez indicated that he did not have any additional objections.  The Court immediately proceeded to sentence him to 411 months, the guideline maximum, five years of supervised release, a fine of $1,500, and a $500 special assessment.  The District Court never resolved Gonzalez's outstanding objections to paragraphs 10 and 13.

## II.

Gonzalez timely appealed.  The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a)(1).  *United States v. Cooper*, ___ F.3d ___, No. 05-1447, slip op. at 6-7 (3d Cir. Feb. 14, 2006).  We exercise plenary review when determining whether a district court resolved a controverted issue pursuant to Fed. R. Crim. P. 32(i)(3)(B).  *United States v. Electrodyne Systems Corp.*, 147 F.3d 250, 251-52 (3d Cir. 1998).

## III.

Federal Rule of Criminal Procedure 32(i)(3)(B) provides that a sentencing court "must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."[1]  We strictly enforce this mandatory requirement of Rule 32; "failure to comply with it is grounds for vacating the sentence."  *United States v. Gricco*, 277 F.3d 339, 355 (3d Cir. 2002) (quoting *Electrodyne*, 147 F.3d at 255).  The role of the provision is twofold:  first, it ensures that the sentencing court relies on a tested and accurate presentence report;

---

[1] The numbering of this provision has changed with various amendments to Federal Rule of Criminal Procedure 32.  Prior to 2002, a similar provision existed at Fed. R. Crim. P. 32(c)(1), and before that, until 1993, it appeared at Rule 32(c)(3)(D).

second, it assures that the Bureau of Prisons will have accurate information to use in determining the manner of confinement and conditions of release. *See United States v. Furst*, 918 F.2d 400, 406 (3d Cir. 1990) (citations omitted) (addressing Fed. R. Crim. P. 32(c)(3)(D), as codified prior to November 1, 1987).

With this in mind, resolution of the case before us is simple. The sentence must be vacated, and the case remanded. The District Court, plainly aware of Gonzalez's outstanding objections to paragraphs 10 and 13 of the PSR, nonetheless did not resolve them as Rule 32(i)(3)(B) requires. In particular, we note that the Court referred to the objections *immediately* before it imposed sentence: after taking testimony from M.R. and B.R., the court asked Gonzalez directly if "you have any objection to anything contained in the report, other than what [your counsel] has already explained?" By referring to the objections his lawyer had already lodged, the Court could not have meant anything other than those pertaining to paragraphs 10 and 13. At no point, however, did the Court afford a resolution. Rather, it proceeded to impose sentence.[2]

The government argues that resolution of Gonzalez's objections was implicit, and obvious from the record. While this argument is not without some appeal, we must reject it. In particular, the government points to the Court's statement during sentencing that Gonzalez "demonstrated a pattern of activity involving stalking, threatening, harassing and assaulting of [M.R.], dating back to at least July 10th, 2003." The government characterizes this as a "clear finding" that Gonzalez raped M.R., hit her son, and

---

[2] The Court also did not elect the equally valid alternative available under Rule 32(i)(3)(B), and determine that resolution of the objections was unnecessary.

threatened her children, but the statement resolves none of these issues. The record suggests other plausible scenarios that could be encompassed by "stalking, threatening, harassing and assaulting" short of rape and threats to M.R.'s children. Without specific fact finding by the Court, or a finding that such facts would be immaterial to the sentence, the basis of the sentence is unclear.

It would have been a simple exercise for the District Court to make the necessary findings to resolve the issues raised by Gonzalez, and render an unambiguous factual record, upon which corrections officials could rely in implementing it. *See United States v. Blanco*, 884 F.2d 1577, 1580 (3d Cir. 1989) (noting importance of resolving factual disputes for purposes of transmitting accurate record to correctional agencies that utilize the PSR). Of particular note is that no witness directly testified to the rape. M.R. certainly came close to doing so, and it would not be improper to draw such an inference from her testimony, as the District Court could have. But the District Court did not do so, and a court of appeals cannot do so. *See Sewak v. I.N.S.*, 900 F.2d 667, 673 (3d Cir. 1990) ("As an appellate court we do not . . . determine disputed facts in the first instance."); *United States v. Mulvaney*, 487 F.2d 684, 687 (3d Cir. 1973) ("We are not a fact-finding body. We are entitled to have the judgment of the district court . . . as to findings of fact . . . ."). District courts must resolve the fact issues relevant to sentencing, however easily they may be dispatched. As we are not in a position to resolve disputed issues of fact, we must remand for the District Court to do so under Rule 32(i)(3)(B).

The government also unavailingly argues that our review must be for plain error because Gonzalez failed to preserve his issue. We note, however, that Gonzalez asserted

his objection to paragraphs 10 and 13 of the PSR at the very beginning of his sentencing hearing. The government would fault him for not re-objecting at a later point, or objecting to the District Court's failure to resolve his objection. We believe that Gonzalez preserved his objection by timely and specifically presenting it to the District Court. The Federal Rules of Criminal Procedure require no more than that. Fed. R. Crim. P. 51(b) ("[a] party may preserve a claim of error by informing the court – when the court ruling or order is made or sought – of the action the party wishes the court to take, or the party's objection to the court's action . . . ."); *cf. Alexander v. Riga*, 208 F.3d 419, 426 (3d Cir. 2000) (objections to jury charges must be clear and specific); *United States v. Russell*, 134 F.36 171, 178 (3d Cir. 1998) (objections to jury charge under Fed. R. Crim. P. 30 must be timely enough to give court "notice of potential errors."). Here, Gonzalez gave the District Court ample notice and opportunity to address his contentions, but it did not do so.[3] Parties need not object *twice* to preserve their claims.

We must reject the government's arguments to save Gonzalez's sentence, and are constrained to remand this case to allow the District Court to "rule on the dispute or determine that a ruling is unnecessary." Fed. R. Crim. P. 32(i)(3)(B).

---

[3] The government relies in part on *United States v. Brown*, 164 F.3d 518, 522 (10th Cir. 1998), for the proposition that waived Rule 32(i)(3)(B) objections are limited to review for plain error. While this may be true – we need not, and do not opine on the issue here – *Brown* is distinguishable: in that case, the party seeking review of the issue never raised it in the District Court. Similarly, *United States v. Toledo*, 985 F.2d 1462, 1470-71 (10th Cir. 1993) is inapposite, and we do not address the merit of its holding: there the Court of Appeals found a waiver where the defendant objected in writing prior to the sentencing, but did not pursue the objection at the sentencing hearing. In the present case, Gonzalez presented his objections to the District Court at the very outset of his hearing.

## IV.

For the foregoing reasons, we will vacate the Judgment of Sentence imposed by the District Court, and remand for a new sentence in accord with this opinion.