

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2007

# USA v. Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Gonzalez" (2007). *2007 Decisions.* Paper 362.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/362

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2873
_____


UNITED STATES OF AMERICA

v.

GEORGE GONZALEZ,

Appellant

_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-cr-00079)
District Judge: Honorable Harvey Bartle, III
_____


Submitted Under Third Circuit LAR 34.1(a)
on September 12, 2007

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Filed:  September 28, 2007)


_____


OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

George Gonzalez appeals from the 411-month sentence imposed by the District Court, contending that the District Court clearly erred at re-sentencing by finding that he had committed rape three months before committing the five offenses for which he was indicted and convicted. He requests that we thus vacate his sentence and remand for a second re-sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we will affirm.

## I. Factual and Procedural History

Since we write only for the parties, we will recount the factual and procedural history only to the extent pertinent to the issues on appeal. On October 17, 2004, a grand jury indicted Gonzalez on five counts: kidnapping, 18 U.S.C. § 1201; interstate stalking, *id.* § 2261A; use of a firearm during a crime of violence, *id.* § 924(c); possession of a firearm by a felon, *id.* § 922(g)(1); and interstate transport of a stolen firearm, *id.* § 922(i).

On November 30, 2004, Gonzalez pled guilty to all five counts. At the change of plea hearing, the Government read aloud an extensive factual basis for Gonzalez's plea. This included, as background, the following description of an incident involving Gonzalez and his ex-girlfriend, M.R., from three months before Gonzalez committed the federal crimes for which he was indicted:

> In early July of 2003, [M.R.] ended the relationship and on the 10th
> of that month, Mr. Gonzalez showed up at her apartment . . . .

2

Mr. Gonzalez asked [M.R.] if he could stay there for a while, because he had noplace [sic] to stay. He was allowed to stay on the couch. *Early the next morning [M.R.] awoke to find Mr. Gonzalez on top of her in her bed having intercourse with her, without her permission.*

[M.R.] told Mr. Gonzalez to stop and got out of the bed. At that point Mr. Gonzalez became enraged and ripped [M.R.'s] clothing off, which was then followed by Mr. Gonzalez verbally and physically abusing her for the rest of the morning.

He -- Mr. Gonzalez stayed at the apartment, did not allow [M.R.] to go to work, and at approximately 11:00 that morning, he left the apartment, telephoned her later in the day and asked her if she had told the police about the fact that he had raped her earlier in the day. And [M.R.] informed Mr. Gonzalez that she had not reported the rape to the police.

. . . .

On July 15th, Mr. Gonzalez was arrested by the New York City Police Department and he was charged with assault with intent to cause serious physical injury, assault with intent to cause physical injury, criminal possession of a weapon and acting in a manner to injure children.

App. 40-42 (emphasis added).

After the Government completed reading the factual basis for his plea, Gonzalez, through his lawyer, offered the following clarification:

With regards to the events in New York City concerning Mr. Gonzalez and [M.R.], I just wanted to alert the Court to the following. That when Mr. Gonzalez was arrested by New York City Police Department, he was charged with intent to cause serious physical injury, but he was not charged with rape or sexual assault in that arrest.

App. 48. The Government told the Court that defense counsel "is correct, he was not charged with the rape, that's correct," and did not object to modifying the factual basis to make this clear. *Id.*

The Court then asked Gonzalez, "based on the -- what the Assistant United States Attorney has said, and the clarifications and modifications stated by your own attorney,

3

do you agree that the Government has accurately summarized the facts in this case?" Gonzalez's answer was "Yes." App. 48-49.

At his March 16, 2005 sentencing, Gonzalez objected, *inter alia*, to the statement in paragraph ten of the presentence report ("PSR") that "[M.R.] awoke in her bed . . . to find the defendant on top of her having intercourse with her" on July 11, 2003. App. 187-88. Gonzalez maintained that, though he was at M.R.'s apartment at the time in question, he did not rape her. In response to this objection and to Gonzalez's objection to paragraph thirteen's description of a separate violent incident from a few days later, M.R. offered the following testimony:

> [H]ow does a person sit here and say, I didn't do this, you know? I didn't, you know, take your clothes off and rip your clothes off, I didn't hold you hostage for most of the day?
> . . . .
> So for him to sit here and say, this didn't happen, I didn't do this. No, I'm sorry, he's lying, it did happen, it happened to me, it happened to my children, and it's happened to my sister, and we're still living it.

App. 200-01.

The District Court then sentenced Gonzalez to 411 months in prison, without making any ruling regarding his objections to the PSR. Gonzalez appealed this initial sentence, and we vacated and remanded for re-sentencing because the District Court had violated Federal Rule of Criminal Procedure 32(i)(3)(B)'s requirement that a sentencing court "must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the

4

matter will not affect sentencing, or because the court will not consider the matter in sentencing." *See United Stated v. Gonzalez*, 176 F. Appx. 230 (3d Cir. 2006).

At the May 24, 2006 re-sentencing, the District Court explicitly ruled that Gonzalez had committed the disputed rape, finding that he had admitted it at his plea colloquy by agreeing to a factual basis that included the rape incident. App. 234-35. The Court indicated that it had "also taken into account" M.R.'s testimony from the initial sentencing hearing, but reiterated that, "[a]lthough, as I say, I find that the defendant admitted that conduct at the Change of Plea Hearing." App. 235. The Court then once again sentenced Gonzalez to 411 months. Before concluding the hearing, the Court made the following disclaimer: "I also state, for the record, that even if you had not committed rape and had not committed the specific acts set forth in paragraphs ten (10) and thirteen (13) of the Presentence Report, the sentence would be the same." App. 240.

## II. Discussion

Preponderance of the evidence is the proper burden of proof for facts that are relevant to the Sentencing Guidelines but that do not increase the maximum punishment to which the defendant is exposed. *United States v. Grier*, 475 F.3d 556, 567-68 (3d Cir. 2007) (en banc), *petition for cert. filed,* No. 06-11486 (U.S. May 22, 2007). We review for clear error the District Court's factual findings that this burden has been met. *Id.* at 570. "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." *Id.* (alteration in original) (internal quotation marks omitted).

Gonzalez argues that the District Court clearly erred in finding that he raped his ex-girlfriend, M.R. Specifically, Gonzalez maintains that the District Court should not have found that his acceptance of the Government's summary of the facts, with "the clarifications and modifications stated by [his] own attorney," constituted an admission of rape. According to Gonzalez, the fact that he had just clarified through his lawyer that he had not been charged with rape precludes a finding that he then admitted that he had committed the rape. In addition, Gonzalez contends that the District Court erred in relying upon M.R.'s testimony from the initial sentencing hearing because she never actually testified that Gonzalez raped her.

We hold that the District Court did not clearly err in finding that Gonzalez raped M.R. because it did not clearly err in finding that Gonzalez admitted to the rape at his plea colloquy. As we have made clear in the past, "[t]here can be no question that admissions to the court by a defendant during a guilty plea colloquy can be relied upon by the court at the sentencing stage." *United States v. James,* 78 F.3d 851, 856 (3d Cir. 1996); *see also United States v. Powell*, 113 F.3d 464, 470 (3d Cir. 1997). At his plea colloquy, Gonzalez told the Court that a factual basis for his plea that included a description of the rape was accurate. Though his lawyer pointed out to the Court that Gonzalez was never charged with the rape, neither Gonzalez nor his lawyer disputed the

6

description of what had occurred or the fact that he had committed the rape. Therefore, we are not left with the "definite and firm conviction that a mistake has been committed" by the District Court in its finding by a preponderance of the evidence that Gonzalez raped M.R. *See Grier*, 475 F.3d at 570.

Since Gonzalez's admission was the primary basis for the District Court's rape finding and holds up under our review, there is no need for us to evaluate M.R.'s testimony and the inferences that can be drawn from it.

In their briefs, the parties debate whether a clearly erroneous rape finding would be harmless, given the District Court's disclaimer at re-sentencing that Gonzalez's sentence would have been the same even without the rape. Since the District Court did not clearly err in finding that Gonzalez raped M.R., we need not address this issue.

## III. Conclusion

For these reasons, we will AFFIRM the Judgment and Commitment Order of the District Court.

_____

7