### UNITED STATES of America, Appellee,

### v.

### HERROLD, Gene Alan, Amended to Gene Allen Herrold, Gene Allen Herrold, Appellant.

#### No. 80–1908.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 17, 1980.

Decided Nov. 12, 1980.

214

Linus E. Fenicle, Ernico & Fenicle, P. C., Harrisburg, Pa., for appellant.

Barbara Lee Kosik, Asst. U. S. Atty., Carlon M. O'Malley, Jr., U. S. Atty., Scranton, Pa., for appellee.

Before HUNTER and WEIS, Circuit Judges, and CAHN,* District Judge.

* Hon. Edward N. Cahn, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. We note that prosecution and defense counsel failed to raise the effect of the statutory merger during the court's Rule 11 colloquy.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Gene Allen Herrold, pled guilty to two counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d) (1976), but then attempted to withdraw his plea. He now appeals from the trial court's denial of his motion to withdraw and claims that the court's failure to instruct him accurately on the maximum sentence he might receive invalidated his original plea under Rule 11(c)(1) of the Federal Rules of Criminal Procedure. We agree with this contention, vacate the appellant's original guilty plea, and remand with instructions to allow the appellant to plead anew.

Appellant was indicted on two counts of bank robbery; one, for armed robbery of the First National Bank of Liverpool in Liverpool, Pennsylvania, 18 U.S.C. § 2113(a), and two, for placing the life of a bank employee in jeopardy during the course of that robbery, 18 U.S.C. § 2113(d). He pled not guilty to these charges initially but after the jury was empaneled changed his plea to guilty.

In accepting the guilty plea the district court questioned the defendant, as required by Rule 11 of the Federal Rules of Criminal Procedure, to ensure that defendant's waiver of his right to trial was knowing and intelligent. In the course of this colloquy the court did not instruct the appellant that, because the penalties under § 2113(a) and (d) merge by operation of law, the aggregate sentence he could receive under both counts was not the sum of the two penalties, forty-five years, but rather the greater of the separate penalties, twenty-five years.[1] As a result the defendant entered a guilty plea with the assumption that he faced a maximum sentence of forty-five years.[2]

2. The prosecution's cross-examination of appellant Herrold confirms this inference:

(Prosecution) Mr. Smyser: What is the total maximum sentence that you believed you could receive?

Mr. Herrold: I am not sure. It is forty-five, but I don't think I would get that.

Four days after the court accepted the guilty plea, defendant wrote a letter to the trial judge requesting permission to withdraw his guilty plea and plead not guilty.[3] After a hearing on the motion the court denied his request and sentenced the defendant.

■ It is settled law in this circuit that the penalties of the various subsections of the bank robbery statute, 18 U.S.C. § 2113(a)–(e), merge for sentencing. As this court noted in *United States v. Conway*, 415 F.2d 158, 166 (3d Cir. 1969):

> Separate consecutive sentences cannot be given under the subsections of 18 U.S.C. § 2113 since "there was no indication that Congress intended also to pyramid the penalties" of § 2113 . . . For purposes of sentencing, an offense under 18 U.S.C. § 2113(a) becomes merged with the more aggravated offense under 18 U.S.C. § 2213(d) [*sic*]."

*Id.* (footnote and citations omitted) (*quoting from Prince v. United States*, 352 U.S. 322, 327, 77 S.Ct. 403, 406, 1 L.Ed.2d 370 (1957)). *See Kelsey v. United States*, 484 F.2d 1198, 1199 n. 3 (3d Cir. 1973) (Rule 11 colloquy erroneously leaves the impression that maximum sentence could be seventy–five years—court vacated guilty plea.); *O'Clair v. United States*, 470 F.2d 1199, 1200–01 (1st Cir. 1972) ("In *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) the Court reaffirmed that 18 U.S.C. § 2113(d) does not proscribe a separate offense but merely makes the offense of simple bank robbery an aggravated one. It held that therefore two sentences may not be imposed for conviction under both provisions".) Because the § 2113(a) and (d) penalties merge Herrold's maximum sentence was twenty–five years.

■ In reviewing a trial court's denial of a Rule 32(d) motion, this court will reverse only on a showing of abuse of discretion. *United States v. Stayton*, 408 F.2d 559, 561 (3d Cir. 1969). However, this court has stated recently that motions to withdraw a guilty plea made before sentencing "should be liberally construed in favor of the accused and should be granted freely." *Government of the Virgin Islands v. Berry*, 631 F.2d 214 at 219 (3d Cir. 1980). *Berry* involved a ruling on a motion to withdraw a guilty plea made before sentencing, the same sequence we have in this case.

■ The failure to instruct defendant of the actual maximum sentence before the submission of a guilty plea violates Rule 11(c)(1) and although we have yet to hold that every violation of Rule 11 entitles a defendant to relief on direct appeal, *United States v. Carter*, 619 F.2d 293, 295 (3d Cir. 1980), *United States v. Altro*, 612 F.2d 575 (3d Cir. 1979) (*en banc*), a violation such as the one presented here, affords grounds for the granting of a Rule 32(d) motion.[4] As this court first said in *Berry v. United States*, 412 F.2d 189, 192 (3d Cir. 1969):

> The mandate of Rule 11, before and after the 1966 amendment, is designed to insure that the pleader is made aware of the outer limits of punishment. At the very least, this means that he must be apprised of the period of required incarceration. When one enters a plea of guilty he should be told what is the worst to expect.

*Id.*

In *Berry*, the court held that the defendant must have knowledge of his ineligibility for parole in order to have an understanding of a plea of guilty. Similarly, in *Kelsey v. United States*, 484 F.2d 1198 (3d Cir. 1973), a case involving the identical bank robbery statute, this court found a

---

Appellant's appendix B at 10 (Cross–examination of Herrold).

**3.** For purposes of this appeal we shall treat this *pro se* handwritten letter to the trial court as a Rule 32(d) motion to withdraw a plea of guilty. Fed.R.Crim.P. 32(d).

**4.** Rule 11(c)(1) of the Federal Rules of Criminal Procedure states:

11(c) Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; . . .

violation of Rule 11 where defendant was told erroneously that the maximum sentence on a bank robbery charge was seventy–five years when in fact the maximum was considerably less. The *Kelsey* court stated that the appellant "did not enter his plea with an 'understanding of the ... consequences of the plea' ". *Id.* at 1200, (*quoting from, McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1968)).

In this case 'Herrold was similarly misinformed about the maximum penalty under 18 U.S.C. § 2113. The disparity between his perception of the maximum penalty and the actual sentence undermines any claim that his plea was made intelligently. Hence, this plea of guilty and, the sentence imposed thereon are vacated, and the proceedings remanded with a direction to permit appellant to plead anew.