

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-1998

# United States v. Electrodyne Sys Corp

Precedential or Non-Precedential:

Docket 97-5366

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"United States v. Electrodyne Sys Corp" (1998). *1998 Decisions*. Paper 140.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/140

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 10, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5366

UNITED STATES OF AMERICA

v.

ELECTRODYNE SYSTEMS CORPORATION,
        Appellant

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Crim. Action No. 96-cr-00127)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 1998

BEFORE: STAPLETON and NYGAARD, Circuit Judges,
and SCHWARTZ,* District Judge

(Opinion filed June 10, 1998)

J. Barry Cocoziello
H. Richard Chattman
Lisa J. Trembly
Newark, New Jersey 07102
 Attorney for Appellant

_____

*Honorable Murray M. Schwartz, Senior United States District Judge for
the District of Delaware, sitting by designation.

Faith S. Hochberg
United States Attorney
George S. Leone
Allan Tananbaum
Office of the United States Attorney
Newark, New Jersey 07102
 Attorneys for Appellee

OPINION OF THE COURT

SCHWARTZ, Senior District Judge

Introduction

On October 16, 1996, Appellant Electrodyne Systems Corporation ("Electrodyne") plead guilty, pursuant to a plea agreement, to Counts Two and Ten of an Indictment. Counts Two and Ten charged Electrodyne with impermissibly exporting defense related equipment in violation of 22 U.S.C. SS 2778(b)(2) and (c) and 18 U.S.C. S 2, and with making a false statement, in violation of 18 U.S.C. S 1001 and S 2, respectively. Electrodyne appeals the imposition of a one million dollar fine payable immediately as part of the sentence imposed on May 27, 1997. Electrodyne asserts five grounds in support of its appeal:

1. The district court failed to consider or make findings with respect to Electrodyne's ability to pay a million dollar fine.

2. The district court failed to make findings where matters were disputed in the presentence report, as required by Federal Rule of Criminal Procedure 32(c)(1).

3. The district court improperly calculated the applicable guideline fine range on Count Ten, making a false statement, for two reasons.

    1) The district court failed to determ ine accurately the amount of loss under Sentencing Guideline S 8C2.3(a).

2) The district court erroneously applied a 50 or more employee enhancement under Sentencing Guideline S 8C2.5(b)(4).

4. The district court, during the plea colloquy, understated the maximum fine to which Electrodyne was exposed on Count Ten.

5. The district court ordered the fine payable immediately when the plea agreement provided Electrodyne should have six months to pay any fine.

Electrodyne has asserted it is entitled to withdraw its plea if it prevails on grounds four or five. However, it has stated that it will not pursue points four or five above if it succeeds in obtaining its requested relief on thefirst two grounds for appeal. Electrodyne requests that this court direct the district court to make detailed findings with respect to Electrodyne's ability to pay and then to impose a fine that does not exceed $140,000 and that is not due for six months. The government has conceded a remand for resentencing on the fine is necessary on grounds one, two and three. However, the government contests Electrodyne's proposed directions that the fine may not exceed $140,000 and should be payable over the course of six months. Because we conclude the proposed directive should not be given, it is necessary to review grounds four andfive and determine whether on remand defendant should be afforded the opportunity to withdraw its plea.

Jurisdiction and Standard of Review

The district court had jurisdiction over the conviction and sentence below under 18 U.S.C. S 3231. We have jurisdiction under 28 U.S.C. S 1291 and 18 U.S.C. S 3742. The first, second, third and fifth grounds for appeal are subject to plenary review. See United States v. Demes, 941 F.2d 220, 223-224 (3d Cir. 1991); United States v. Furst, 918 F.2d 400, 406 (3d Cir. 1990); see generally United States v. Gilchrist, 130 F.3d 1131 (3d Cir. 1997). The fourth ground for appeal is reviewed for harmless error. See United States v. De le Puente, 755 F.2d 313, 315 (3d Cir.), cert. denied, 471 U.S. 1005 (1985).

3

Discussion

Withdrawal of Plea

A. District Court's Incorrect Advice as to the Maximum
      Statutory Fine for the Offense of Making a False
      Statement During Plea Allocation

The court's erroneous advice regarding the maximum
statutory fine occurred during the taking of a Rule 11 plea.
See Fed.R.Crim.P. 11. When taking the plea, the district
judge, apparently misled by the plea agreement, see DA 53,
and the government's plea memorandum, see DA 62,
advised defendant's representative with respect to Count
Ten, the false statement count, 18 U.S.C. S 1001, that "the
maximum fine is the greatest of $10,000 or twice the gain
or twice the loss." DA 77. In fact, the correct maximum
statutory fine on the false statement count was the greatest
of $500,000 or twice the loss or twice the gain caused by
the offense. See 18 U.S.C. SS 3559(a)(4), 3571 (c) and (d).1

The government concedes the district judge erroneously
informed Electrodyne as to the maximum fine on Count
Ten; however, the government asserts the error was
harmless because the court correctly advised the defendant
that the maximum fine on Count Two, an Arms Export
Control Act violation, 22 U.S.C. S 2778, was "$1 million or
twice the gain or twice the loss." DA 77. The government
then argues that because the defendant corporation was
advised the maximum total fine which could be imposed
was $1,010,000 and defendant was fined one millions
dollars, the error was harmless.

In support of its position, Defendant relies primarily on
United States v. Herrold, 635 F.2d 213 (3d Cir. 1980), for
the proposition that "failure to instruct defendant of the
actual maximum sentence before the submission of a guilty
plea violates Rule 11(c)(1)," id. at 215, and affords grounds
for withdrawal of a plea under Rule 32(e) (formerly Rule
32(b)). See id. at 216. See also Kelsey v. United States, 484
F.2d 1198 (3d Cir. 1973) (holding that defense counsel's
informing a defendant the maximum penalty was more

_____

1. The presentence report erroneously listed the maximum fine as
$250,000.

4

than the statute allowed resulted in the plea not being knowing or voluntarily and necessitated withdrawal of the plea). The Herrold court reviewed the proceeding below under an abuse of discretion standard, see 635 F.2d at 215, while the Kelsey court was silent as to the standard of review it employed.

With the amendment to Rule 11 and its codification of a harmless error standard of review in 1983, however, our decisional law has changed. In De le Puente, we held it was harmless error to fail to advise defendant that if the court did not accept the government's recommendation, the defendant nevertheless could not withdraw his plea. See 755 F.2d at 315. Although our decision in United States v. Hawthorne, 806 F.2d 493 (3d Cir. 1986), would seemingly support defendant's position, closer analysis demonstrates that Hawthorne left the holding of De le Puente unmarred. In Hawthorne, a restitution order was held invalid after the district court failed to inform the defendant during the plea colloquy that restitution could be ordered in excess of the loss attributable to the counts to which defendant pleaded guilty. See id. at 499. Nevertheless, the Hawthorne court did not order that defendant have the opportunity to withdraw the plea. See id. at 499–500. Instead, Hawthorne remanded for resentencing because the district court could remedy the error by imposing either the allowable amount of restitution or a fine exceeding that amount and still be in accordance with the plea agreement. See id. at 499–501.

When all is said and done, the immutable fact is Electrodyne was advised its maximum fine exposure was $1,010,000, when in fact the maximum fine exposure was $1,500,000. Defendant was fined $1 million, an amount below the exposure about which it was informed. Under this circumstance, the error must be characterized as harmless. Defendant will not be permitted to withdraw its plea on this ground.

B. District Court's Refusal to Allow Defendant a Period of Six Months in Which to Pay the Fine

The parties plea agreement contained a "Stipulations" section which provided in pertinent part:

5

> This Office and Electrodyne agree to stipulate at
> sentencing to the statements set forth in the attached
> Schedule A, which hereby is made a part of this plea
> agreement. This agreement to stipulate, however,
> cannot and does not bind the sentencing judge, which
> [sic] may make independent factual findings and may
> reject any or all of the stipulations entered into by the
> parties. . . .

DA 54-55. Pursuant to the "Stipulations" provision, the
government and Electrodyne agreed $140,000 was an
appropriate fine, see DA 58-59, PP 4 and 5, and "that the
fine should be paid no later than six months after the date
of sentencing." DA 59, P 5. Electrodyne agrees with the
district court that the stipulation was not binding. See DA
85. That would seemingly end the matter but for the
language of the plea agreement itself.

The plea agreement independent of the attached
"Stipulations" provides:

> . . . The parties agree that the fine imposed by the
> sentencing court may be paid within six months of the
> date of sentencing and that the timely payment of the
> fine shall be made a special condition of organizational
> probation. . . .

DA 53-54. Electrodyne argues in effect that the six month
provision for payment of the fine was part of a specific
sentence which, if not followed by the district court,
required an opportunity to withdraw the plea. The
weakness in defendant's position is threefold. First, the
same provision for a six month delay in the payment of the
fine is contained in the Stipulations section which
Electrodyne concedes is not binding on the court. Second,
the very next paragraph of the plea agreement makes clear
the sentence to be imposed is within the sole discretion of
the sentencing judge:

> The sentence to be imposed upon Electrodyne is within
> the sole discretion of the sentencing judge. This Office
> cannot and does not make any representation or
> promise as to what guideline range will be found
> applicable to Electrodyne, or as to what sentence
> Electrodyne ultimately will receive. . . .

6

DA 54. Finally, the district judge advised Electrodyne that in the event the penalty was more severe than that anticipated by the defendant, the plea could not be withdrawn. See DA 85. Accordingly, the rejection of the six month provision and the order of immediate payment was simply an example of a more severe penalty that was "within the sole discretion of the sentencing judge." Id.

We hold that neither the district court's incorrect advice as to the maximum penalty on the false statement count nor its refusal to allow the fine to be paid within six months of sentencing provides a ground for withdrawal of Electrodyne's plea. Because withdrawal of the plea will not be ordered, this Court must address the failure of the district judge to make a finding on Electrodyne's ability to pay a fine, the district court's failure to comply with Rule 32(c)(1) and the district court's determination of the fine guideline range. Each will be briefly discussed.

Vacating the Sentence

A. Necessity of Findings on Ability to Pay a Fine

Electrodyne asserts that on remand, our order that the district court make a finding on Electrodyne's ability to pay should be accompanied by a directive that any fine imposed should not exceed $140,000. In support of this assertion, Electrodyne correctly states that the stipulation between it and the government provided the fine should not exceed $140,000, see DA 58–59, and that the government affirmed its agreement at the sentencing hearing. See DA 143.

In further support of its position, Electrodyne argues the presentence report "confirmed Electrodyne's inability to pay more than the stipulated fine," Appellant's Reply Brief, p. 2, and that by adopting the factual findings of the presentence report the district court so found. While we agree the district court adopted the factual findings of the presentence report, see DA 153, by signing the "Judgment in a criminal case,"2 DA 149–153, we cannot accept that the

_____

2. The "Judgment in a criminal case" is the formal judgment entered against a criminal defendant. On that form, there is a box that can be checked stating: "The court adopts the factualfindings and guideline application in the presentence report." DA 153. This box was checked in the instant case. See id. We are not unaware that the mark may have been clerical error; nonetheless, we must assume it is an accurate reflection of the district court's position.

probation officer adopted any factual position with respect to the financial condition of Electrodyne.

A constant problem faced by a district court in establishing fines is that the defendant controls what information flows to the probation office. The problem is exacerbated both by the fact that probation officers rarely have training in accounting and by defendant's status as a corporation, which enables defendant to choose to be less than forthcoming because, by definition, a corporation cannot be incarcerated. That is exactly what happened in this case:

> At the request of the probation office, the corporate defendant has provided corporate income tax returns for the last three fiscal years. Electrodyne does not have audited financial statements for the past three years; however, provided [sic] a financial statement with the accountant's compilation for the year end December 31, 1994. A compilation is limited to presenting in the form of financial statements information that is the representation of management. The accountant did not audit or review the accompanying financial statements and, accordingly, does not express an opinion or any other form of assurance on them. Management elected to omit substantially all of the disclosures and the statement of cash flows required by generally accepted accounting principles. If the omitted disclosures and statement of cash flows were included in the financial statements, they might influence the user's conclusion about the Company's financial position, results of operations, and cash flows. Accordingly, these financial statements are not designed for those who are not informed about such matters.

Presentence report at 27, P 138 (emphasis added).

The accountant expressly declined to render an opinion or to find any assurance of the accuracy of Electrodyne's financial statements and noted the defendant declined to supply other documentation. In effect, the accountant was saying the financial information supplied by Electrodyne

8

was insufficient to make a determination. Given the facts contained in the presentence report, we hold the probation officer made no factual finding on ability to pay a fine. Given that state of affairs, we decline to direct the district judge to impose a fine not exceeding $140,000.

We do not believe the district judge must be a puppet dancing to whatever financial disclosure strings a defendant corporation wishes to pull. We can think of no reason why the district judge does not have the power to require production of necessary financial documents so as to have a basis in fact for any fine which is to be imposed. Should the defendant corporation fail to producefinancial documentation requested by the probation office and/or the court, the necessity for the district judge to have a basis in fact for establishing the amount of fine is reduced. Similarly, the sentencing judge is not controlled by, but may accept, a fine amount negotiated by the corporate defendant and the government. If the judge accepts the negotiated fine, no detailed finding of ability to pay is necessary because the defendant has implicitly acknowledged its ability by virtue of the agreement.

Section 3572(a)(1) of Title 18 of the United States Code mandates that when a court imposes a fine and determines "the amount, time for payment and method of payment," the court must consider, inter alia, "the defendant's income, ensuring capacity and financial resources." Further, it is well settled in this circuit that"[t]he district court must make findings regarding a defendant's ability to pay a fine." United States v. Seale, 20 F.3d 1279, 1284 (3d Cir. 1994). "Where the court has created enough of a factual record that it is clear that it considered a defendant's ability to pay, its findings may be deemed adequate." Id. at 1284. Here the district judge failed to make any findings pertaining to imposition of afine. Without factual findings there can be no meaningful appellate review. Ordinarily, we would only vacate the fine portion of the sentence and remand for resentencing. However, as discussed in Section B below, the entire sentence must be vacated. Therefore, we will vacate and remand with instructions to make factual findings on both the ability to pay a fine and the time within which the fine can be paid.

9

B. The District Court's Reliance Upon Disputed Matters

Rule 32(c)(1) requires that with respect to each disputed matter the court "must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed. R. Crim. P. 32(c)(1). A finding on a disputed fact or a disclaimer of reliance upon a disputed fact must be expressly made. See United States v. Murello, 76 F.3d 1304, 1317 (3d Cir. 1996); Furst, 918 F.2d at 408. Further, the Rule requires that the findings and determinations be appended to a copy of the presentence report. See Fed. R. Crim. P. 32(c)(1). This Rule is strictly enforced and failure to comply with it is grounds for vacating the sentence. See Furst, 918 F.2d at 408; U.S. v. Blanco, 884 F.2d 1577, 1580-1582 (3d Cir. 1989).

Electrodyne asserts it made numerous objections to the presentence report and the district court neither made findings regarding the disputed issues nor expressly disclaimed reliance on the disputed matters. The government concedes the record supports this allegation. After Electrodyne's objections, see DA 131-134, were articulated to the district court, see DA 136-141, the court rejected some of the objections and then stated,"Now, the other objections do not affect the guideline. *** They don't affect my determination as to sentencing." DA 141. However, the judgment order noted that the court "adopt[ed] the factual findings and guideline application in the presentence report." DA 153. At best, the record is ambiguous as to the district court's reliance upon the disputed matters; at worst, the record reflects a direct conflict with Rule 32(c)(1)'s mandate.

Electrodyne's sentence will be vacated and the case will be remanded for resentencing consistent with Rule 32(c)(1).

C. The District Court's Calculation of the Applicable
        Guideline Fine Range for Count 10

Electrodyne argues the district court incorrectly assessed the total loss figure used to determine the base fine pursuant to U.S.S.G. S 8C2.3 and S 8C2.4. More specifically, the court allegedly equated the stipulated restitution with a stipulated loss when, in fact, the

10

restitution was not an accurate reflection of the loss. In addition, Electrodyne asserts the court erroneously found the corporation had 50 or more employees, which increased the fine range under U.S.S.G. S 8C2.5(b)(4). The government agrees that the district court did not make sufficient findings to afford meaningful appellate review.

Although the parties do not characterize this ground for appeal as a failure to comply with Rule 32(c)(1), it is apparent that such a problem has been presented. Electrodyne challenged the presentence report's calculation of the loss as the same figure to which the parties stipulated for restitution. See Presentence report at 19, P 108; DA 137-141. Electrodyne explained to the district court that the restitution amount inflated the amount of loss because some of the loss figures were double counted and some of the restitution was being paid in kind rather than in money. See DA 137-141. The court responded, "I'm not buying into the argument. The fact of the matter is if this figure is good enough for restitution, and Ifind it is, it's good enough to make a loss, an analogy as [sic] appropriate loss figure." DA 141. Not only is this finding on the disputed issue of loss not appended to a copy of the presentence report but the nature of the finding also precludes meaningful appellate review of the issue. The conclusory statement that restitution and loss are equatable does not sufficiently address the points raised by defendant so as to constitute a finding or determination as required by Rule 32.

The issue of whether Electrodyne satisfied the "50 or more employees" basis for increasing the culpability score underlying the fine range presents a similar problem. U.S.S.G. S 8C2.5(b)(4). The presentence report stated that Electrodyne had "approximately 50 people," presentence report at 26, P 134, but Electrodyne argued to the district court that its workforce consisted of fewer than 50 employees on average and only at times reached 50. See DA 136-137. Electrodyne asserted that the guideline provision should be based on the average number of employees and, therefore, should not be applied to Electrodyne. See id. The government did not take a position on the issue and the court stated, "I'll rule against you on that." DA 137. This

summary dismissal of Electrodyne's argument is
insufficient to offer this Court a basis for review.

At a minimum, the district court must offer a factual
basis for rejecting Electrodyne's assertion that its workforce
did not satisfy the criterion, including a factual finding as
to the number of days Electrodyne had 50 or more
employees in whatever the district court determines is the
relevant time period. The presentence report's statement
that "approximately 50" people were employed by
Electrodyne cannot serve as a basis for finding that the "50
or more" criterion was actually met. Accordingly, upon
remand, the court shall make findings pursuant to Rule
32(c)(1) on the amount of loss and the number of employees
for the purpose of determining Electrodyne's fine.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

12