

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2007

# USA v. McCormick

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1251

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. McCormick" (2007). *2007 Decisions.* Paper 520.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/520

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1251

UNITED STATES OF AMERICA

v.

JAMES A. MCCORMICK,

Appellant.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 04-cr-00215)
District Judge: Hon. Gary L. Lancaster

Submitted under Third Circuit LAR 34.1(a)
on May 18, 2007

Before: FISHER and ROTH, <u>Circuit Judges</u>
RAMBO*, <u>District Judge</u>

( Opinion filed  August 30, 2007)

O P I N I O N

_____

*Judge Sylvia H. Rambo, United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

**ROTH**, <u>Circuit Judge</u>:

The issue presented in this appeal is whether the District Court complied with Rule 32(i)(3) of the Federal Rules of Criminal Procedure regarding objections raised by the defendant James McCormick to his presentence report. McCormick alleges that the District Court, in violation of Rule 32(i)(3), failed to resolve or expressly disclaim reliance on facts in the presentence report that McCormick disputed. For the reasons set forth below, we conclude that the District Court complied with Rule 32(i)(3), and we will affirm its judgment of sentence.

## I. Background and Procedural History

On August 24, 2004, McCormick was charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a). On July 22, 2005, he entered a plea of *nolo contendre* to this charge. Both McCormick and the government reviewed McCormick's presentence report, but only McCormick filed objections challenging certain portions of the report. At the sentencing hearing, the District Court accepted only one of McCormick's objections which lowered his base offense level by three points. With that, and one other additional finding,[1] the District Court adopted the findings of the presentence report. Given McCormick's offense level and criminal history, his advisory guidelines sentence was 46 to 57 months. After taking into consideration the sentencing factors under 18 U.S.C. §

---

[1] The District Court found that McCormick suffered from numerous physical, emotional, and mental ailments in addition to his severe alcohol addiction.

3553(a), the District Court imposed on McCormick a sentence of 46 months. McCormick timely filed this appeal.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

In an appeal of the District Court's alleged violation of Rule 32(i)(3), we grant plenary review. *United States v. Electrodyne Sys. Corp.*, 147 F.3d 250, 252 (3d Cir. 1998).

## III. Analysis

Rule 32(i)(3) states that, at sentencing, a court "must, for any disputed portion of the presentence report or other controverted matter, rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Although Rule 32(i)(1) allows the court to adopt any undisputed portion of the presentence report as a finding of fact, it must make an express finding on a disputed fact or disclaim reliance upon a disputed fact in sentencing a defendant. *Electrodyne Sys. Corp.*, 147 F.3d at 255.

Here, McCormick alleges that the objections he filed to the presentence report raised factual disputes that were not expressly resolved or disclaimed by the District Court. Although he filed a great number of objections to almost every paragraph of the presentence report, as McCormick concedes, many of these do not raise any disputes of

fact and need not have been addressed by the District Court.  In its sentencing transcript, the District Court specifically stated that "it adopted the findings of the presentence report with just two modifications:  (1) it would favorably grant a three-point reduction for acceptance of responsibility and (2) McCormick had numerous ailments."  The court determined, however, that in spite of these ailments it would give no additional departure.  We conclude from the above that the District Court resolved the objections, rejecting all but two of them, and was not in violation of Rule 32(i)(3).

## IV.  Conclusion

For the reasons set forth above, we will **affirm** the judgment of sentence.