

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2008

# USA v. Nesbitt

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2884

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Nesbitt" (2008). *2008 Decisions.* Paper 1063.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1063

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2884
_____

UNITED STATES OF AMERICA

v.

BRENNIS A. NESBITT,

Appellant.

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Criminal No. 04-cr-00077)
District Judge: Honorable Raymond L. Finch
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 6, 2008

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Opinion Filed: June 4, 2008)

⎯⎯⎯⎯⎯⎯⎯⎯⎯

OPINION OF THE COURT

⎯⎯⎯⎯⎯⎯⎯⎯⎯

FUENTES, Circuit Judge:

Following his guilty plea to one count of conspiracy to possess controlled

substances with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, the District

Court sentenced Brennis Nesbitt to 17 and a half years of imprisonment followed by 5

years of supervised release. Nesbitt challenges his sentence, alleging (1) that the District Court failed to rule on his objection to an aggravating role enhancement in the pre-sentence report ("PSR") and (2) that the government breached his plea agreement by requesting a higher sentence based on his role as a leader of the conspiracy. We conclude that Nesbitt's arguments are without merit. Therefore, we will affirm the sentence.[1]

## I.

Because we write for the parties, we recite only the facts essential to our decision. Nesbitt was indicted on February 26, 2004 for conspiracy to violate narcotics laws, importation of controlled substances, possession with intent to distribute, the distribution of controlled substances and with using a communication facility in the commission of narcotics offenses. Specifically, the indictment charged that Nesbitt, along with other individuals, imported controlled substances into the U.S. from St. Maarten and Anguilla using female couriers. The couriers transported the cocaine in large Coleman coolers filled with fish and ice. The government filed a second superseding indictment which added 3 additional counts against Nesbitt for possession with intent to distribute. The second superseding indictment also contained sentencing allegations that named Nesbitt as an organizer and leader of a criminal activity that involved five or more participants. A third superseding indictment was filed adding two co-defendants. However, the charges

_____

[1]We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

against Nesbitt mirrored the second indictment and the sentencing allegations naming him as an organizer were removed. Nesbitt pleaded guilty following the third superseding indictment.

**II.**

We exercise plenary review when determining whether a district court resolved a controverted issue pursuant to Fed. R. Crim. P. 32(i)(3)(B). United States v. Electrodyne Sys. Corp., 147 F.3d 250, 251-52 (3d Cir. 1998). Federal Rule of Criminal Procedure 32(i)(3)(B) provides that the sentencing court "must-for any disputed portion of the presentence report or other controverted matter-rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."[2] We enforce the Rule strictly, and "'failure to comply with it is grounds for vacating the sentence.'" United States v. Corley 500 F.3d 210, 222 (3d Cir. 2007) (quoting Electrodyne Sys. Corp., 147 F.3d at 251-52).

The PSR recommended a 4-point base offense level increase for Nesbitt's role as an organizer in the conspiracy based on the offense conduct. Nesbitt filed objections to the PSR, specifically objecting to the role enhancement. At sentencing, Nesbitt also

---

[2] Nesbitt states in his brief that Fed. R. Crim. P. 32(c)(1) requires a sentencing court to rule on any unresolved objections in a pre-sentencing report. Appellant Br. at 8. However, Fed. R. Crim. P. 32 was amended in 2000 and the current version of Fed. R. Crim. P. 32(c)(1) only provides that the probation officer must conduct a pre-sentence investigation and submit a report to the court before it imposes sentence unless an exception as enumerated in the Rule applies. For purposes of addressing Nesbitt's argument, the relevant section of the current rule is Fed. R. Crim P. 32(i)(3)(B).

requested a downward departure, in part, because he was not an organizer as asserted by the government and because he pled guilty to the third superseding indictment only because the reference to him as a leader was omitted. Nesbitt contends that the District Court failed to expressly rule on his objection to the aggravating role enhancement in the PSR. However, the transcript of the sentencing hearing unambiguously shows that the District Court accepted the PSR as accurate and complete, ruled on Nesbitt's objection on the aggravating role enhancement and denied his request for a downward departure. The District Court stated "although downward departure is a consideration in this case, . . . I decline to grant a downward departure. . . . I cannot find that you were a minor participant. You played a very significant role in the planning and execution of this conspiracy." (App. 173.) Based on this record, we conclude that the District Court did not fail to comply with Fed. R. Crim. P. 32(i)(3)(B) and properly ruled on Nesbitt's objection to his role as a leader in the conspiracy.

## III.

Finally, Nesbitt argues that the government violated his plea agreement by "inducing [him] to believe [it] would not have a problem with a sentence within the range indicated." Appellant Br. at 14. Nesbitt further asserts that he only pleaded guilty after the third superseding indictment deleted the sentencing allegation as to his role as a leader and that the government's subsequent attempt to seek an enhancement on this basis was a violation of the plea agreement.

In determining whether the Government has breached its plea agreement with a defendant, we apply the *de novo* standard of review. United States v. Rivera, 357 F.3d 290, 293-94 (3d Cir. 2004). We must determine "'whether the government's conduct is inconsistent with what was reasonably understood by the defendant when entering the plea of guilty.'" United States v. Nolan-Cooper, 155 F.3d 221, 236 (3d Cir. 1998) (quoting United States v. Badaracco, 954 F.2d 928, 939 (3d Cir. 1992)).

The terms of Nesbitt's plea agreement were reduced to writing and executed by the parties. In our review of the record, we observe that Nesbitt's plea agreement did not contain any express promise by the government to not seek an enhancement for his role or to agree to a downward departure. To the contrary, the plea agreement specifically stated that the Court was not bound to the Sentencing Guidelines but would take them into account at sentencing. The plea agreement further provided that the District Court was not limited to consideration of the facts and events provided by the parties and that there were no other agreements between Nesbitt and the government. Thus, the government seeking an enhancement for his organizer role, which the District Court found by substantial evidence, was not inconsistent with the plea agreement or what Nesbitt should have reasonably understood.

At the plea hearing, the District Court thoroughly questioned Nesbitt about the plea agreement. During this hearing, the government and defense counsel agreed that the realistic sentencing range was 11 years. However, it is clear that, at the plea colloquy, the

judge explained at length that he could not tell Nesbitt the exact sentence that would be imposed at the sentencing hearing. He also explained that the maximum sentence was life with a minimum mandatory term of 10 years and that his sentence would depend on the court's consideration of the relevant sentencing factors. In light of this, Nesbitt agreed to plead guilty. At the sentencing hearing, the District Court fully considered the factors set forth in § 3553(a) and the pre-sentence report and determined that based on those factors a sentence of 17 and a half years, which was at the bottom of the guideline range, was appropriate. Under these circumstances, we find that the government did not breach the plea agreement and that the District Court's sentence was reasonable.

## VI.

For the foregoing reasons, the judgment of sentence will be affirmed.