**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3613
_____

UNITED STATES OF AMERICA

v.

FREDDIE LAMONT CLECKLEY,
                                        Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00246-001)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2011

Before:  HARDIMAN, VANASKIE and GREENBERG, Circuit Judges

(Opinion Filed: July 28, 2011)
_____

OPINION OF THE COURT
_____

VANASKIE, Circuit Judge

        Freddie Lamont Cleckley appeals his sentence of 248 months' imprisonment for

drug and firearms offenses.  Finding no error in the District Court's sentencing decisions,

we will affirm the Judgment of the District Court.

I.

As we write only for the parties, who are familiar with the facts and procedural history of this case, we relate only those facts necessary to our analysis.

Cleckley pleaded guilty to all counts in an indictment charging him with possession with intent to distribute five or more grams of crack cocaine (count one), possession of a firearm in furtherance of a drug trafficking crime (count two), and possession of a firearm by a convicted felon (count three). Cleckley's Presentence Investigation Report ("PSR") initially calculated his net offense level at twenty-seven, which reflected a two-level enhancement on the ground the firearm he possessed was stolen. Cleckley, however, qualified as a career offender under United States Sentencing Guidelines § 4B1.1, resulting in a net offense level of thirty-one and a criminal history category of VI. Cleckley's guidelines range was 188 to 235 months' imprisonment. Additionally, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), Cleckley's minimum sentence for possessing a firearm in furtherance of drug trafficking was five years' imprisonment, to run consecutively with the term of imprisonment for the drug trafficking offense.

Cleckley objected to the two-level enhancement for possessing a stolen firearm, arguing that the government could not prove that the weapon had been stolen. This enhancement, however, did not affect Cleckley's guidelines range because his status as a career offender controlled. Cleckley's guidelines range would have been the same regardless of whether the firearm he possessed was stolen. The District Court ruled on Cleckley's objection by explaining that "the [stolen firearm] enhancement . . . does not

2

affect the calculation under the Career Offender guidelines." (A. 14.) Cleckley did not object to his career offender status or his criminal history category.

The District Court ultimately sentenced Cleckley to concurrent terms of 188 and 120 months' imprisonment for counts one and three, respectively, and a consecutive term of sixty months' imprisonment for count two, for a total prison term of 248 months. At the sentencing hearing, the Court explained to Cleckley that his sentence resulted from the fact that he was "considered a career offender within the meaning of the Sentencing Guidelines." (S.A. 26.) Cleckley now appeals.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Cleckley argues that the District Court failed to adhere to Federal Rule of Criminal Procedure 32(i)(3)(B) by neglecting to rule on his objection to the PSR's finding that the firearm was stolen. We exercise plenary review over a district court's compliance with Rule 32(i). *See United States v. Electrodyne Sys. Corp.*, 147 F.3d 250, 251-52 (3d Cir. 1998). The Rule requires a sentencing court to decide a dispute over a matter in a PSR "or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). The District Court plainly complied with the Rule by explaining that the enhancement for possessing a stolen handgun "does not affect the calculation under the Career Offender guidelines." (A. 14.)

3

Cleckley next argues that we must vacate his sentence because the District Court violated Rule 32 by failing to state that Cleckley's sentence would not be affected by whether the gun was stolen. Again, the record belies Cleckley's position: the District Court clearly stated that the stolen firearm enhancement would not affect Cleckley's sentence.

Because Cleckley's status as a career offender, and not the gun's status as a stolen firearm, controlled his sentence, we need not consider Cleckley's remaining arguments that his PSR incorrectly determined that the firearm was in fact stolen and that his sentence must be vacated because the District Court relied on an incorrect PSR. We will affirm the Judgment of the District Court.