FILED
United States Court of Appeals
Tenth Circuit

June 11, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

RAUL CRUZ,

       Defendant - Appellant.

No. 11-2136

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 2:10-CR-01178-LH-1)**

---

Todd Coberly, Santa Fe, New Mexico, for Defendant - Appellant.

Mark Baker, (Kenneth J. Gonzales, United States Attorney and Laura Fashing, Assistant United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff - Appellee.

---

Before **KELLY**, **SEYMOUR**, and **O'BRIEN**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

       Defendant-Appellant Raul Cruz was convicted, after a jury trial, of

possession with intent to distribute 50 grams or more of methamphetamine, 21

1

U.S.C. § 841(a)(1) & 841(b)(1)(C); 18 U.S.C. § 2, and sentenced to 63 months' imprisonment and three years' supervised release. On appeal, he argues that the district court erred (1) in not requiring the government to disclose a confidential informant involved in a controlled buy, and (2) in relying on certain disputed facts about the controlled buy contained in the PSR. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Background

In March 2010, Albuquerque police searched Mr. Cruz's home and found baggies with 34.1 grams of methamphetamine (about 90-100 doses), along with horse steroids (a cutting agent), cash, and false identification. Detectives saw no evidence of drug use in the home or by Mr. Cruz but had observed vehicle traffic to the house suggestive (based on their experience) of drug-dealing. A week before the arrest, police arranged and surveilled a controlled buy with a confidential informant at Mr. Cruz's home that yielded another 28 grams of the narcotic. The informant was not identified and did not testify; instead the police testified that they saw Mr. Cruz greet the informant in his driveway and enter with the person, and that they met the buyer moments later to field-test the purchase. Mr. Cruz admits possession of the drug but not intent to distribute it.

Discussion

Mr. Cruz first argues that the district court erred when it refused to compel the government to disclose the confidential informant's identity. We review the denial of a motion for disclosure of a confidential informant's identity for abuse of discretion.[1] United States v. Vincent, 611 F.3d 1246, 1251 (10th Cir. 2010). The court must "balance" the public interest in protecting informants and the defendant's right to mount a defense. Resolving these interests turns on the "particular circumstances of each case," like "the crime charged, the possible defenses, [and] the possible significance of the informer's testimony." Roviaro v. United States, 353 U.S. 53, 62 (1957).

Mr. Cruz argues that he was entitled to question the informant in order to search out testimony to contradict officers who only observed the transaction from afar. Aplt. Br. 17-18. Courts that reverse a denial of a motion to disclose without *in camera* proceedings often indicate that the informant was the "only" person able to support the defense theory or contradict prosecution witnesses. Roviaro, 353 U.S. at 64; United States v. Moralez, 908 F.2d 565, 568 (10th Cir. 1990); Gaines v. Hess, 662 F.2d 1364, 1368-69 (10th Cir. 1981). By contrast, panels that uphold such denials generally find that the value of the informant to the defense is "speculative" or irrelevant. Vincent, 611 F.3d at 1251; United

---

[1] Mr. Cruz argues that because constitutional due process rights are involved, the proper standard of review is de novo. Aplt. Br. at 15 n.8. Regardless of which standard we employ, the result would be the same.

States v. Gordon, 173 F.3d 761, 767-68 (10th Cir. 1999); United States v. Mendoza-Salgado, 964 F.2d 993, 1000-01 (10th Cir. 1992).

Mr. Cruz's case is much closer to the latter end of the spectrum. The controlled buy was not the basis of the indictment, though it did support the jury finding of intent—alongside evidence of the dealer's quantity of the drug, $1,000 cash in a dresser, house traffic consistent with dealing, Mr. Cruz's apparent non-use of the drug, and the horse steroids. Second, in the reversals noted above, the record was unclear about whether the district court engaged in the requisite balancing of interests; this court did so in response to Mr. Cruz's motion to disclose, though without the benefit of an *in camera* hearing. Third, the informant's testimony would likely only have inculpated and in any event is really secondary to the *fact* of purchase. Last, the crime charged was possession on the date of arrest of a large amount of the drug with intent to sell it. Contrary to Mr. Cruz's argument, Aplt. Br. at 15, no case law requires the government specifically to assert its interest in protecting the identity of the informant. This court *assumes* the interest is informant safety, keeping the information flowing, or not compromising other investigations.

Mr. Cruz's second argument is that the court committed procedural error in failing to comply with Fed. R. Crim. P. 32 and in lacking evidence to attribute to him the 28 grams bought by the informant. Rule 32(i)(3)(B) requires courts to rule on disputed portions of a PSR or determine that no ruling is necessary. A

defendant must make "specific allegations" of inaccuracy, <u>United States v. Rodriguez-Delma</u>, 456 F.3d 1246, 1253 (10th Cir. 2006), and the government must prove the assertion by a preponderance, <u>United States v. Wilken</u>, 498 F.3d 1160, 1169 (10th Cir. 2007). We review compliance with the Federal Rules of Criminal Procedure de novo, <u>United States v. Cereceres-Zavala</u>, 499 F.3d 1211, 1214 (10th Cir. 2007)*,* and factual findings for clear error, <u>United States v. Middagh</u>, 594 F.3d 1291, 1295 (10th Cir. 2010). Although the government argues that we should conduct a plain-error review, we find that the district court rejected Mr. Cruz's objections (which could have been clearer), and he was not required to object again.

Mr. Cruz claims he twice objected to the statement that he sold 28 grams to the informant: the amount was "gleaned by probation from paperwork" and no trial evidence showed that he "actually distributed" the drugs. Aplt. Br. 24. But the district court indicated on the record that it considered the controlled buy to be relevant conduct, <u>United States v. Cruz</u>, 10-cr-1178-LH, Doc. 93, at 4 (D.N.M. June 21, 2011), and in doing so relied not only on the PSR but evidence it took at trial. Remand would only allow the court to reiterate or to state more clearly what is already implicit. The outcome would be the same. <u>See, e.g.</u>, <u>United States v. Cook</u>, 550 F.3d 1292, 1298 (10th Cir. 2008); <u>United States v. Zubia-Torres</u>, 550 F.3d 1202, 1209 (10th Cir. 2008).

Mr. Cruz also argues that the court erred in linking the 28 grams of the

controlled buy to him; this "uncharged, unconvicted conduct" was used to increase his base offense level. Aplt. Br. 26. We find that the PSR only repeats what was established at trial. No officer testified that he actually *saw* Mr. Cruz hand over contraband for money. Instead the court heard that the police swept the informant's car and person, gave the individual cash, drove him or her to Mr. Cruz's house, saw the two enter, and watched the informant emerge with drugs. Mr. Cruz says the court had to "speculate" to infer a sale here, but we find that this evidence, in conjunction with the car traffic, the drugs in the home, and everything else mentioned above, constitutes a preponderance. This is unlike situations where there was an "absence of any evidence that Defendant ever possessed or distributed a pound of cocaine." United States v. Reyes, 979 F.2d 1406, 1408 n.4 (10th Cir. 1992).

Mr. Cruz initially argued that the court erred by admitting the controlled-buy evidence under Fed. R. Evid. 403, but he abandoned this claim in his reply brief. Rep. Br. at 9.

AFFIRMED.