**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 12-4513
————————

UNITED STATES OF AMERICA

v.

AHMED WALKER,

                              Appellant

————————

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(District Court No.:  1-00-cr-00300-003)
District Judge:  Honorable Sylvia Rambo

————————

Submitted under Third Circuit LAR. 34.1(a)
on September 9, 2013

(Opinion filed:  October 8, 2013)

BEFORE:  RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges

————————

O P I N I O N

————————

**RENDELL**, Circuit Judge:

Defendant Ahmed Walker appeals the District Court's judgment of sentence for

possession of a firearm in furtherance of a drug trafficking crime, conspiracy to

manufacture and distribute a controlled substance, and distribution of a controlled substance. For the following reasons, we will vacate the judgment entered by the District Court and remand for resentencing.

## I.[1]

We write principally for the benefit of the parties and therefore recount only the facts essential to our review.

On February 28, 2002, following a seven-day trial, a jury returned a verdict finding Walker guilty of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(iii), conspiracy to manufacture and distribute a controlled substance in violation of 21 U.S.C. § 846, and distribution of a controlled substance, in violation of 21 U.S.C. § 841.

On August 18, 2010, the District Court sentenced Walker to a prison term of 289 months, and the Third Circuit affirmed.[2] However, on June 29, 2012, the Supreme Court granted Walker's petition for a writ of certiorari, vacated the judgment of the District Court and remanded the case to the Third Circuit "for further consideration in light of *Dorsey v. United States,* 567 U.S. ---, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012)." *Walker v. United States*, 133 S. Ct. 66 (2012). *Dorsey* concerned provisions of the Fair Sentencing Act which reduced sentences applicable to crack cocaine offenses. 132 S.Ct.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
[2] Due to several appeals and a habeas motion, this was the third of four sentences in Walker's case. The instant appeal concerns only the two most recent sentences.

2

2321 (2012). We subsequently remanded the case to the District Court "for resentencing in light of *Dorsey v. United States*, 567 U.S. ___ (2012)." (App. 30a.)

In preparation for resentencing, Walker filed multiple objections to the pre-sentence report and guideline calculations, including challenges to sentencing adjustments, the weight of certain controlled substances, and his criminal history. At the resentencing hearing on December 10, 2012, the District Court noted Walker's objections. (*Id.* at 2a.) However, the Court stated, "I'm going on record to indicate that I intend today to only resentence you in accordance with what this Court determines to be an order from the Court of Appeals to resentence only in light of Dorsey versus United States . . . In other words, I am only going to consider adjusting your sentence to reflect the change in the counting of crack cocaine and marijuana. And that's my position." (*Id.*) The District Court did not rule on any of Walker's objections.

The District Court then stated that while it was "precluding" Walker from addressing relevant sentencing factors under 18 U.S.C. § 3553(a), it would hear evidence pertaining to his post-sentencing rehabilitation. (*Id.* at 3a-4a.) The District Court heard testimony from two witnesses concerning Walker's rehabilitation, and examined evidence including progress reports on his conduct while in prison. (*Id*. at 5a-14a.) Walker was then resentenced to a term of 252 months' imprisonment, with the Court varying downward from the guideline range, "based on the fact that [Walker] has incurred but one write-up in his entire time [in prison] except for one which occurred most recently." (*Id.* at 25a.)

3

**II.**

Walker argues that the District Court erred by failing to conduct a de novo resentencing. Specifically, "[w]hen a conviction on one or more interdependent counts is vacated on appeal, the resentencing proceeding conducted on remand is de novo unless we specifically limit the district court's authority." *United States v. Miller*, 594 F.3d 172, 181-82 (3d Cir. 2010). As noted above, the Supreme Court vacated the judgment of the District Court in this case, and we remanded "for resentencing in light of *Dorsey v. United States*, 567 U.S. ___ (2012)." (App. 30a.)

The Government appears to concede that a de novo resentencing was required in this case. Appellee's Br. at 14 ("The United States acknowledges these three cases support re-sentencing de novo . . . ."). However, the Government contends that the District Court did in fact conduct such a de novo resentencing. We disagree.

The District Court explicitly stated that it was resentencing Walker, "only in light of Dorsey versus United States," and therefore precluded Walker from addressing sentencing factors under 18 U.S.C. § 3553(a). (App. 2a-3a.) The District Court then stated that "post-sentencing rehabilitation is a factor that I can consider even if I am just doing the Dorsey application . . ." and during the hearing received only evidence concerning Walker's rehabilitation. (*Id.* at 3a.) Thus, the clear words and conduct of the District Court establish that the scope of the resentencing was severely cabined, and that a de novo resentencing did not occur. *Cf. United States v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997) ("[T]he judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand . . . .")

4

The District Court also did not rule on any of Walker's objections to the pre-sentence report and guideline calculations. Fed. R. Crim. P. 32(i)(3)(B) requires that a court "must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." "This Rule is strictly enforced and failure to comply with it is grounds for vacating the sentence." *United States v. Electrodyne Sys. Corp.*, 147 F.3d 250, 255 (3d Cir. 1998). The failure of the District Court to address Walker's objections constitutes reversible error and further confirms that the resentencing was not de novo.[3]

## III.

Accordingly, we will vacate the judgment of the District Court and remand for de novo resentencing.

---

[3] Because the District Court will conduct a de novo resentencing in this case, we decline to address on the current state of the record Walker's argument that the District Court relied upon an inaccurate criminal history report.