**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1543
_____

UNITED STATES OF AMERICA

v.

FRANCISCO SANTOS,
also known as F.S.S.,
also known as A.C.M.,
also known as LUIS COLON,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5:18-cr-00215-001)
Honorable Edward G. Smith, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 14, 2019

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Opinion filed: December 23, 2019)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Francisco Santos appeals his judgment of conviction, arguing that the District Court erred under Federal Rule of Criminal Procedure 32(i)(3)(B) at his sentencing hearing. Because we agree and we find that this error was not harmless, we will vacate and remand.

**Discussion**[1]

## A. The District Court violated Rule 32(i)(3)(B)

Federal Rule of Criminal Procedure 32(i)(3)(B) requires a District Court—"for any disputed portion of the presentence report or other controverted matter"—to "rule on the dispute or determine that a ruling is unnecessary." This rule is "strictly enforced." *United States v. Electrodyne Sys. Corp.*, 147 F.3d 250, 255 (3d Cir. 1998).

Here, there was a dispute over Santos's citizenship, and the District Court did not follow Rule 32(i)(3)(B)'s mandate that it either resolve this dispute or determine that a ruling was unnecessary. Santos implicated Rule 32(i)(3)(B) by contesting the Government's allegation that he was an illegal alien born in the Dominican Republic and asserting that he was actually a United States citizen born in Puerto Rico.[2] The District Court then acknowledged the uncertainty of Santos's immigration status several times during the sentencing hearing, including while it was explaining its sentence, yet it neither ruled on whether Santos was a United States citizen nor rejected the relevance of this disputed fact. Rather, the District Court left room to infer that it did rely on the disputed

---

[1] The District Court had jurisdiction 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] A party does not need to request an evidentiary hearing in order to trigger Rule 32(i)(3)(B). *United States v. Furst*, 918 F.2d 400, 408 (3d Cir. 1990).

2

fact: It found that the "issue . . . with [Santos's] legal status" was "proper argument" for the Government to make, J.A. 102, and only moments after imposing the sentence, stated that it had "no idea if [Santos is] even illegally here in the United States or not."[3] J.A. 118. By failing to either expressly rule on this factual dispute or expressly disclaim reliance on it, *see Electrodyne*, 147 F.3d at 255, the District Court violated Rule 32(i)(3)(B).

## B. Santos Preserved his Objection to the Rule 32(i)(3)(B) Violation

A party may preserve an objection to a procedural sentencing error by making an objection "when the procedural error be[o]me[s] evident," and "need not repeat the objection after sentence is imposed." *United States v. Flores-Mejia*, 759 F.3d 253, 255 n.1 (3d Cir. 2014) (en banc). This is precisely what Santos did here. At the sentencing hearing, Santos's counsel objected immediately when the Government began arguing that he was not a United States citizen, stating that "[t]his is getting into argument . . . based on [immigration] crimes for which my client isn't here to be sentenced today." J.A. 102. When the District Court responded that this was "proper argument for the United States to make," Santos's counsel asked the Court to note his "standing objection to this line" of

---

[3] Although a district court's adoption of a presentence report may satisfy Rule 32(i)(3)(B), the District Court's adoption of the presentence report here did not satisfy the rule. The District Court's adoption of the presentence report did not resolve the factual dispute because it neither clearly stated its grounds for adopting the factual findings in the presentence report on the record, *see United States v. Singh*, 923 F.2d 1039, 1044 (3d Cir. 1991), nor explicitly found that the presentence report's findings were supported by a preponderance of the evidence, *see United States v. Campbell*, 295 F.3d 398, 406 (3d Cir. 2002). And adopting the presentence report could not have resolved the disputed fact of Santos's citizenship, because the presentence report was ambiguous as to this fact: as the District Court acknowledged at sentencing, the probation officer was unable to determine Santos's citizenship one way or the other. J.A. 102.

argument.  *Id.*  Santos's counsel then objected a third time, explaining that he was not "conceding the accuracy of . . . the presumption . . . the government wish[ed] [the Court] to . . . reach" regarding Santos's citizenship and reiterating Santos's sworn testimony that he was born in Puerto Rico.  J.A. 106.

Santos's counsel therefore did not merely raise a factual dispute, but also explicitly objected to the District Court's consideration of the disputed fact of Santos's citizenship in imposing its sentence.  That sufficed to preserve the error under our precedent.  *See Flores-Mejia*, 759 F.3d at 258 (holding that where "a relevant objection has been made earlier," a party need not reiterate that objection "to preserve the error and avoid plain error review").  And it accords with our sister circuits' approach to waiver and preservation in the Rule 32(i)(3)(B) context.  *Compare United States v. Wagner-Dano*, 679 F.3d 83, 90–94 (2d Cir. 2012) (finding a Rule 32(i)(3)(B) error unpreserved when the defendant objected to the PSR but raised no objection at the sentencing hearing), *with United States v. Cruz*, 680 F.3d 1261, 1263 (10th Cir. 2012) (finding a Rule 32(i)(3)(B) error preserved when the defendant objected to the District Court's factual findings during the sentencing hearing).  And although Santos's counsel did not repeat this objection after the sentence was imposed, he nevertheless preserved the objection because he objected as soon as the District Court made clear it was to going to allow the Government to make argument about Santos's citizenship "even though it hasn't been confirmed one way or the other," J.A. 102—the moment "the error became evident," *Flores-Mejia*, 759 F.3d at 255 n.1.—and the District Court agreed to treat it is a "standing objection," J.A. 102.

## C. This Error Was Not Harmless

Because Santos preserved his objection, we review for harmless error. *See United States v. Lewis*, 802 F.3d 449, 454, 456 (3d Cir. 2015) (en banc). Harmless-error review of a sentencing error "turns on whether the error did or did not 'contribute to the [sentence] obtained.'" *Id.* at 456 (quoting *Sochor v. Florida*, 504 U.S. 527, 539 (1992) (alteration in original)). We look to "whether the error 'would have made no difference to the sentence.'" *Id.* (quoting *Parker v. Dugger*, 498 U.S. 308, 319 (1991)).

Here, we are not persuaded that the District Court's sentence was unaffected by the dispute over Santos's citizenship. The District Court sentenced Santos to eighteen months' imprisonment—at the very top of the Guidelines range. The Government argued repeatedly that Santos's lack of legal status in the United States justified a sentence at the top of the Guidelines range. In particular, the Government argued that Santos's lack of legal status made deterrence an important consideration in sentencing Santos for passport fraud. *See* App. 66 (arguing that "[a] significant sentence is required in this case . . . so that no one, particularly illegal aliens, tries to obtain a United States passport using an alias"). And the Government also used the purported confusion over Santos's legal status to paint a picture of Santos as someone who was been consistently untruthful about his identity and has given inconsistent stories to law enforcement.

We cannot say from the record before us that the District Court did not take the Government's arguments about Santos's ambiguous legal status into account when deciding to impose a sentence at the top of the Guidelines range: The District Court referenced the need for deterrence; "a long period of criminal offenses," J.A. 116; and "the

characteristics of the defendant . . . coupled with the idea that I'm not even sure whether you know whether you're legally in the United States or not," J.A. 116–117. While the District Court has discretion to impose the same sentence on remand, it may do so only for permissible reasons and consistent with the applicable rules. Because we cannot be confident it did so at the original sentencing, we must vacate and remand for resentencing. *Cf. United States v. Payano*, 930 F.3d 186, 198 (3d Cir. 2019) (vacating and remanding for resentencing when it was impossible to conclude that the district court did not rely on the government's "pervasive[]" sentencing argument). In sum, the District Court's error was not harmless.

## Conclusion

For the foregoing reasons, we will vacate and remand the judgment of the District Court.