**Leslie William HANS, Petitioner,**

v.

**UNITED STATES of America.**

**Civ. A. No. 86–176 Erie.**
**Crim. No. 81–144 Erie.**

United States District Court,
W.D. Pennsylvania.

Sept. 3, 1986.

Leslie William Hans, pro se.

U.S. Atty., Pittsburgh, Pa., for U.S.

## OPINION

GERALD J. WEBER, District Judge.

Leslie William Hans who was convicted and sentenced for armed bank robbery De-

cember 5, 1984 has filed a motion under 28 U.S.C. § 2255 for relief. He has filed an extensive brief and presented considerable evidentiary material in support of his motion. Because the defendant had a second trial and offers very selective portions of evidence from both trials, we have ordered the production of the records from both trials to make sure that the items quoted by defendant are not taken out of context. We will take up the arguments raised by defendant individually.

### Recusal

■ The defendant argues that the court should have recused itself. While admitting that recusal can only be requested for extra-judicial actions, defendant argues that the court records demonstrate bias because the court sat on the trial and sentenced the government's chief witness, Pearl Grzybowski (hereinafter called Pearl), a participant in the same robbery for which defendant was charged. At the sentencing of Pearl Grzybowski, the court imposed the maximum sentence of 25 years with a warning that no motion for reduction of sentence would be considered unless she showed cooperation with the government. Pearl, who had previously maintained silence, then began to cooperate with the law enforcement authorities, named Hans as an accomplice, and testified against Hans in his first trial held before Judge Ziegler. Following Hans' conviction, the court granted a Rule 35 motion and reduced Pearl's sentence to seven years of imprisonment. Thus all of the information that the judge possessed he acquired during the course of the proceedings. This is no ground for recusal. *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir.1980).

### Effective Assistance of Counsel

Defendant was represented at his second trial by George Schumacher, the Federal Public Defender, an attorney with a long and distinguished career of the trial bar. Attorney Schumacher had won a new trial on defendant's appeal from the first trial, for which defendant accords him high praise. Attorney Schumacher represented him on his appeal from the instant conviction which resulted in affirmance.

Defendant's brief and accompanying excerpts from Pearl's testimony at the first trial, testimony at the second trial, and statements to the FBI, attack alleged inconsistencies which he claims counsel failed to fully explore.

Because we presided at trial, we are able to assess counsel's overall performance. Counsel did have access to the testimony given at the first trial as well as prior statements given by Pearl. He made good use of them. He did question her on many of the inconsistencies. His cross-examination on one of these matters went so far as to cause the government to object because the questions did not involve inconsistent statements. The court sustained this objection.

The transcript showed that defense counsel did cross-examine rather thoroughly on most of the inconsistencies alleged. To a considerable extent, the inconsistencies did not involve material matters, and the cross-examination was pointed to testing the credibility of the witness. While wide latitude may be given to cross-examination by the court, experienced counsel realize that over-use of such tactics in trial may have a reverse effect and lead the jury to believe that the witness is being badgered. Such a witness may earn the sympathy of the jury and enhance her credibility.

None of the recited instances demonstrate ineffective assistance of counsel. During the course of trial, at side-bar, defense counsel moved for leave to withdraw from the case because defendant was criticizing his performance in cross-examining government witnesses. Counsel explained that his actions were "based on a calculated decision on his part to avoid potentially dangerous areas of testimony and to refuse to cross-examine on what I believed to be extraneous matters."

Defendant's actions at trial in disputing with his counsel were visible to the court and jury, and led to a warning by the court to defendant, outside the presence of the

jury, that such actions could lead to an adverse attitude by the jury. This warning lead to an objection by the prosecutor that the court was aiding defendant in the presentation of his case.

 Viewing defense counsel's performance as a whole, as we must, we can find no support for any claim that his performance fell below the objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 693 (1984). Defendant has not shown that counsel's performance was "deficient." Any judicial scrutiny of counsel's performance must be highly deferential. 466 U.S. at 690, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. The presumption is that counsel's actions represent sound trial strategy, 104 S.Ct. p. 2065, 80 L.Ed.2d p. 694–95. Defendant must also demonstrate that the alleged ineffective performance had an actual effect on the outcome. Defendant has failed to carry that burden and has produced no evidence to show that counsel's performance was deficient or that it fell below any objective standard.

### Use of False Testimony by Government

 Defendant has alleged no facts to indicate that Pearl gave false testimony at trial. The alleged inconsistent statements do not give rise to a claim of perjury. All that they show, at best, is a failure of recollection, which was explored by defense counsel at trial. At no *time* has defendant shown that Pearl named any other person as the third bank robber. At no *place* has defendant shown that Pearl named any other person as the third bank robber. At no place has defendant shown that the government knowingly used false testimony against him.

### The Alleged Contingency Agreement

The defendant alleges that Pearl's reduction in sentence was based on the contingency of a successful prosecution of Hans. She testified at his first trial, he was convicted, and Pearl's cooperation was brought to the attention of this court by the government at the time of considera-

tion of her Rule 35 motion. There is no evidence that the government or the court made the conviction of Hans a condition of the reduction of sentence.

### The "Allen Charge"

There is nothing to show that an "Allen" charge was given. The court advised counsel in chambers that it would not give an Allen charge. There was no basis for defendant's counsel to raise this issue on appeal, and there is no basis for alleging ineffective representation by counsel on appeal on this issue. The alleged coercive action by the court in allowing the jury fifteen minutes to decide was based on an inquiry by the court as to whether the jury would be able to return a verdict within that time, or would wish a recess until the following Monday, the jury having been deliberating until Saturday noon. The foreman requested a short period to canvas the jury. There is no support for defendant's contention and his highly selective excerpt from the record is very misleading.

### The Illegal Sentence

Defendant alleges that his concurrent sentences for violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d) are illegal. While we did not impose consecutive sentences, as considered in *United States v. Herrold*, 635 F.2d 213, 215 (3d Cir.1980), the Court of Appeals has held that a resentencing, with defendant present must be held on the merged charges at 18 U.S.C. § 2113(a) and (d). We will therefore have defendant returned to this court for resentencing after the time for appeal of this order has expired or after the determination of any such appeal.

We find that the motion is without support from the record, and presents no independent evidence in its support. We find that the claim for relief is without merit, except for the illegal sentence allegation which we will remedy. Therefore we determine that no hearing need be held on the petitioner's motion.

The petitioner's motion will be denied except that he will be brought before the court for resentencing as indicated.