NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0571n.06

No. 13-6075

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 13, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. )
) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR THE
JEFFREY D. RAY, JR., ) EASTERN DISTRICT OF TENNESSEE
)
    Defendant-Appellant. )
)
)

BEFORE:    DAUGHTREY, McKEAGUE, and STRANCH, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. Defendant Jeffrey Ray pleaded guilty to four counts of being a felon in possession of firearms and ammunition, and he was sentenced to 20 years in prison. On appeal, Ray seeks to have his sentence vacated and his case remanded for trial based on the district court's failure to follow the requirement in Federal Rule of Criminal Procedure 11(b)(1)(H) that a defendant be informed of the maximum penalty for the offense to which he is pleading guilty. Ray claims that at his guilty-plea hearing, he was mistakenly told that each of the four counts carried a penalty of ten years, for a maximum sentence of 40 years, when—in fact—three of the counts were subject to merger, thus exposing him to a maximum sentence of no more than 20 years. He further contends that he would not have pleaded guilty had he been given the correct information about the maximum penalty that he faced. After review for plain error, in the absence of a timely objection to the sentence in the district court, we affirm.

Count One of the indictment charged Ray with being a felon in possession of a firearm and ammunition found in his car when Knoxville police officers arrived at the scene of a disturbance on April 28, 2012. After attempting to flee, Ray was taken into custody and then released on bond. Two days later, a federal arrest warrant issued charging violation of the terms of supervised release in connection with Ray's earlier federal conviction on a felon-in-possession charge. The warrant could not be executed, however, because Ray had jumped bail and fled to Florida. After he returned to Knoxville a few weeks later, he was located and arrested on May 25 while hiding out in a trailer that he had rented with a friend, who was later convicted of harboring and concealing Ray. The agents who secured and executed a search warrant for the trailer found a loaded .40 caliber semi-automatic handgun, a loaded .38 caliber revolver, and a 9mm magazine partially loaded with nine rounds of .40 caliber ammunition that was apparently connected to the firearm seized from Ray's car a month earlier. The seizure of those items led to the charges in Counts Two, Three, and Four of the indictment.

Ray initially pleaded not guilty but later agreed to plead guilty to Counts One and Four under the terms of a plea agreement with the government in exchange for a 20-year sentence. At the change-of-plea hearing, however, he told the district court that he had changed his mind and wanted to go to trial. Four days before trial, Ray again changed his mind and entered a guilty plea, this time to all four counts without the benefit of a plea agreement. At the hearing, Ray conceded that he and his attorney had "discussed any maximum possible penalty, including any imprisonment, fine, and term of supervised release, as well as any mandatory minimum penalty." In addition, the prosecutor was directed by the court to state "the maximum possible punishment" under the four counts. In response, the Assistant U. S. Attorney announced that Ray "face[d] the following punishments for these offenses: a term of imprisonment of up to ten

years on each count, a period of supervised release of up to three years on each count, a fine of up to $250,000 on each count, and a $100 special assessment on each count."

After Ray entered his guilty plea, but six weeks before the sentencing hearing occurred, the prosecutor filed a sentencing memorandum requesting that the district court impose a sentence of 240 months, noting:

> Although Defendant pleaded guilty to four violations of 18 U.S.C. § 922(g)—each of which carries a maximum penalty of ten years' imprisonment—three of those violations (Counts Two through Four) must merge for purposes of sentencing because they involved firearms and ammunition that were simultaneously possessed in the same location on or about May 25, 2012. *See United States v. Rosenbarger*, 536 F.2d 715, 721 (6th Cir. 1976) ("[O]nly one offense is charged . . . regardless of the number of firearms involved, absent a showing that the firearms were stored or acquired at different times or places."); *accord United States v. Adams*, 214 F.3d 724, 728 (6th Cir. 2000).

Given this notification that the government was seeking a sentence of 20 years, not 40, Ray could have filed a motion to withdraw his guilty plea if he truly believed that he had been misled at the time he entered the plea. He did not do so prior to the sentencing hearing, and there is no indication in the record that the issue was raised at sentencing. Instead, the parties disputed whether Ray was subject to enhancements in his sentencing level for assaulting the police officers who apprehended him on April 28 and for obstruction of justice; whether he merited a reduction for acceptance of responsibility; and whether the sentence now on review should be served concurrently with his sentence for revocation of supervised release on an earlier conviction. The probation officer calculated Ray's sentence at 360 months but noted in the presentence report that Ray was subject to a maximum sentence of 20 years. At sentencing, the district court merged Counts Two, Three, and Four for sentencing purposes, because the government had failed to prove that the firearms and ammunition stored in the trailer had been obtained from different sources or stored in different locations. The district court imposed a

maximum sentence of 120 months on Count One and 120 months on merged Counts Two, Three and Four, to be served consecutively. Ray now appeals, raising the purported Rule 11 violation for the first time and conceding that our authority to review the issue is for plain error only.

Sentencing challenges are reviewed for abuse of discretion. *Gall v. United States, 552 U.S. 38, 51* (2007). An abuse of discretion occurs when a sentencing court "relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard". *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010) (internal quotation marks omitted). Because Ray failed to preserve this procedural objection by first giving the district court the opportunity to address and remedy it, we review only for plain error. *United States v. Vonner,* 516 F.3d 382, 385-86 (6th Cir. 2008). To demonstrate plain error, an appellant must prove: (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 386. As the Supreme Court has observed, "Meeting all four prongs is difficult, 'as it should be.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n. 9 (2004)).

In this case, it is not clear that an error actually occurred in the district court. As the government properly acknowledged in its sentencing memorandum, when multiple weapons are confiscated, the government must establish "that the firearms were stored or acquired at different times or places" in order to support separate sentences on felon-in-possession convictions under 18 U.S.C. § 922(g)(1). *United States v. Adams*, 214 F.3d 724, 728 (6th Cir. 2000) (internal quotation marks omitted). But, because merger under § 922(g)(1) is tied to the facts of each

particular case, a district court often will not know whether a defendant's counts should merge until the presentence report and sentencing memoranda are available.

Here, the defendant was given accurate information at the plea hearing—a ten-year sentence was in fact the "maximum *possible* sentence" on each of the four counts to which he was pleading guilty. In support of his claim that he nevertheless should have been told that he could be sentenced to no more than 20 years, rather than 40, Ray cites a Third Circuit case for the proposition that a guilty plea must be vacated if a district court "did not instruct the appellant that, because the penalties under [the statute of offense] merge by operation of law, the aggregate sentence he could receive under both counts was not the sum of the two penalties, forty-five years, but rather the greater of the separate penalties, twenty-five years." *United States v. Herrold*, 635 F.2d 213, 214 (3rd Cir. 1980). *Herrold*, however, is distinguishable from the situation in this case not only because Herrold made a timely request to withdraw his guilty plea, but also because one of the two offenses in his case was a lesser included offense of the other. In short, there were no factual circumstances under which Herrold could be convicted of more than one offense carrying a single penalty, unlike the theoretical possibility of multiple convictions carrying separate sentences under Ray's indictment. We know of no decision in this circuit—or in any other circuit—that has interpreted Rule 11 to require the district court to inform Ray at the time of his plea that three of his convictions could or would ultimately merge.

In the absence of reversible error, we AFFIRM the judgment of the district court.